KIMM, Respondent, *vs.* OSGOOD'S ADMINISTRATOR, Appellant.

1. Where letters of administration were granted January 12, 1852, a demand exhibited January 12, 1853, *was held* " within one year after the granting of the letters."

*Appeal from St. Louis Circuit Court.*

The facts sufficiently appear from the opinion of the court.

*C. C. Whittelsey,* for appellant. The court erred in placing this demand in the fifth class, instead of the sixth. It was not exhibited " within one year after the granting of letters" of administration on the estate. The day on which letters are granted is to be included, and the day of the same date of the succeeding year excluded. A part of the day is to be counted as a whole day. It is plain that, had the court been in session, the administrator might have waived notice, and the demand might have been allowed on the day when letters were granted. This is not the case where a thing is to be done a certain number of days *after date* simply, but *within* one year after the *granting of the letters.* When the computation is to be made from an act done, the day on which the act is done is to be included. *Arnold* v. *United States,* 9 Cranch, 104. 3 Pet. Cond. Rep. 328, 330 and notes, 331. *Pierpont* v. *Graham,* 4 Wash. C. C. R. 232. *Castle* v. *Burdett,* 3 T. R. 623. 3 East, 407. 4 Esp. Rep. 224. 14 Mees. & Wels. 574. 15 Mass. 219.

*Krum & Harding,* for respondent. 1. When time is to be computed from or after a certain day, that day is to be excluded from computation. 4 N. H. 267. 6 Cow. 659. 4 Shep. 181. 4 Scamm. 420. 7 J. J. Marsh. 202. 7 Monroe, 520. 2. When time is to be computed from or after any act done, the day on which the act is done, is to be excluded from the computation; for a day is to be considered an indivisible point of time, and there can be no distinction between a computation from an act done, and a computation from the day

on which the act is done. 1 Pick. 485. 1 Met. 127. Breese's Rep. 3. *Blain* v. *Beehler*, 12 Mo. Rep. 477.

GAMBLE, Judge, delivered the opinion of the court.

Probably no question of the same importance has so much engaged the attention of courts, or has been so often and so variously decided, as how time shall be computed. It is utterly impossible to reconcile the decisions of different courts of equal ability, and therefore, instead of undertaking so useless a labor, the views of the court upon the question involved in the present case, will be briefly stated. The administration act, (R. C. p. 90) places in the fifth class "all demands that shall be legally exhibited within one year after the granting of the first letters on the estate." It places in the sixth class "all demands thus exhibited after the end of one year and within two years after letters granted." Letters of administration on the estate of Osgood were granted January 12th, 1852, and the plaintiff's claim was exhibited January 12th, 1853. The controversy is, whether it should be placed in the fifth or sixth class.

1. It is obvious that, if fractions of days were to be regarded, it might be that a notice served on the 12th January would be within a year from the grant of letters on the 12th of January preceding. If letters were granted at noon of the 12th January, the year would not be actually completed until noon of the next 12th January. But in such computations, the rule is, to exclude fractions of days, except in those cases where justice requires an examination into the precise time of the day at which an act was performed. The fiction that a day is an indivisible point of time, will not be allowed to work a wrong. But this is only permitted in furtherance of justice.

Without collating the numerous authorities which have been cited, or the still more numerous decisions to be found in the Reports, without referring to the conflicting opinions upon the difference between the words "from the date" and "from the

day of the date," which Lord Mansfield, in *Pugh* v. *The Duke of Leeds*, Cowp. 714, showed to mean the same thing, we will merely refer to some cases, which we think correctly declare the law applicable to this case.

In Massachusetts it was held, in *Bigelow* v. *Wilson*, 1 Pick. 487, under a statute which allowed the redemption of an equitable estate sold on execution " within one year next after the time of executing by the officer to the purchaser, the deed thereof," that in computing the year allowed for the redemption, the day on which the deed was executed should be excluded.

In *Simms* v. *Hampton*, 1 Serg. & Raw. 411, the Supreme Court of Pennsylvania held that, in computing the twenty days allowed for entering an appeal with the prothonotary after the entry of the award of arbitrators upon his docket, the day upon which the entry of the award was made should be excluded. The words of the statute are, " shall enter such appeal with the prothonotary of the proper county *within* twenty days after the entry of the award of the arbitrators on his docket."

In *Wendson* v. *China*, 4 Greenl. 302, the Supreme Court of Maine decided, that an answer which the statute required to be given to a notice " *within* two months after such notice," was in time when given on the 20th December, the notice having been given on the 20th of October. The day on which the notice was given was excluded.

These decisions from other states assert the same rule which was adopted by this court in *The Steamer Mary Blane* v. *Beehler*, 12 Mo. Rep. 477.

We state the rule then to be, that in the computation of a period of time from an act done, the day on which the act is done is to be excluded. Consequently, the notice in the present case, given on the 12th January, 1853, is within a year after the grant of letters of administration, granted on the 12th January, 1852.

The judgment of the Circuit Court is therefore affirmed, with the concurrence of the other judges.