## CAROLINE DOWELL v. ELLEN VINTON.

(No. 390, Op. Book No. 1, p. 425.)

APPEAL from Grayson County. Opinion by WHITE, J.

§ 327. *Statute of limitations.* Two promissory notes were sued on, one due March 1, 1861, the other March 1, 1863. By sec. 43, art. 12, constitution of 1869, it is provided that "the statutes of limitations of civil suits were suspended by the (so called) acts of secession of January 28, 1861, and shall be considered as suspended within this state until the acceptance of this constitution by the United States congress." The constitution of 1869 was approved by act of congress of date the 30th day of March, 1870. This suit was bought on the 30th day of March, 1874, exactly four years to a day from the adoption of

the constitution by congress.     Was the bar of the statute of limitations complete when suit was brought?

§ **328.** *Statute of limitations; computation of time.*  In the computation of time, whether the day on which an act was done or an event happened is to be included or· excluded, must depend upon the circumstances or the reason of the thing, so that the intention of the parties may be effected.     Such a construction should be given as would operate most to the ease of the parties entitled to favor, and by which rights would be secured and forfeitures avoided.     [O'Connor v. Towns, 1 Tex. 107.]

§ **329.** *Same.*  In the computation of time from an act done, the day on which the act is done will be excluded, whenever such exclusion will prevent an estoppel or save a forfeiture.     [Windsor v. China, 4 Me. 298; The State v. Gasconade County Court, 33 Mo. 102; 5 Richardson (S. C.), 290; Lang v. Phillips, 27 Ala. 311; Kinn v. Osgood, 19 Mo. 60; Weeks v. Hull, 19 Conn. 376; 10 Mich. 486; Cornell v. Moulton, 3 Den. (N. Y.) 12; Burr v. Lewis, 6 Tex. 76.]

§ **330.** *Computation as to operation of statutes.*  The day on which the statute took effect is excluded.     [Fairbanks v. Wood, 17 Wend. 329.]  In New York and Kentucky it has been held that in computing time given by a statute, both the first and last days are never reckoned inclusive.     [Jackson v. Van Valkenburgh, 8 Cow. (N. Y.) 260; Sanders v. Norton, 4 B. Mon. (Ky.) 464.]

§ **331.** *Fractions of days; no notice taken of.*  The first day, or day upon which the time begins to run, is excluded; as where an act·is to be done within a given time, *e. g.,* thirty days, the party has the whole of the thirtieth day in which to perform it; but if it is to be done after the expiration of thirty days, it cannot be performed until on the thirty-first day, the law taking no notice of fractions of a day.     [10 Barb. (N. Y.) 14; Campbell v. Lane, 25 Tex. Sup. 93; Jones v. Planters' Bank, 5 Humph. (Tenn.) 619; Portland Bank v. Maine Bank, 11 Mass. 204;· 20 Vt. 653.]

*Same.* The constitution of Texas being adopted by congress on the 30th day of March, 1870, and the statute of limitations being thus set in operation in Texas on that day, in computing the time with reference to that adoption, the 30th day of March, 1870, is to be excluded.

May 14, 1877.                      Reversed and remanded.