[No. 2415. Decided February 2, 1897.]

George Goetzinger, *Respondent*, v. James L. Rosenfeld *et al.*, *Defendants*, W. H. Vessey *et ux.*, *Appellants.*

APPEAL — ASSIGNMENT OF ERRORS — JUDGMENT — PRESUMPTION AS TO COMMUNITY DEBT — MORTGAGE — PRIORITY OF LIEN — EVIDENCE.

The assignment of the decree of the court as error is sufficient, when there are no special findings of fact separately from the decree, and the validity of the decree is the single question raised in the brief.

The presumption as to a judgment, in the absence of proof, is that it is based upon a community debt.

Parol proof is admissible for the purpose of determining the priority of lien between a judgment entered and a mortgage recorded on the same day.

Where a mortgage executed to secure an antecedent debt is recorded on the same day that a judgment is entered against the mortgagor, the equities between the two are equal and they should be pro rated in the proceeds from the real estate covered by both liens, when it appears that the mortgagee had knowledge of the pendency of the action in which the judgment was rendered and had filed his mortgage for record but a short time prior to the entry of judgment.

Appeal from Superior Court, Yakima County.—Hon. CARROLL B. GRAVES, Judge. Reversed.

*Whitson & Parker*, for appellants :

Does the law take note in this kind of a case of the fraction of a day ? The common law rule is that the judgment takes effect as of the first day of the term, and a conveyance filed in the meantime, that is, after the first day, is inferior to the judgment lien. Freeman, Judgments (4th ed.), § 370; *Boyer's Estate*, 51 Pa. St. 432 (91 Am. Dec. 129). Some authorities hold that, inasmuch as the law takes no notice of the fraction of a day, hence they will be presumed to have been filed at the same time and are of equal rank. *Murfree's Heirs v. Carmack*, 26 Am. Dec. 232; *Follett v. Hall*, 16 Ohio, 111 (47 Am. Dec. 365); *Hendrickson's Appeal*, 24 Pa. St. 363; *Claason's Appeal*, 22 Pa. St. 359.

*H. J. Snively*, and *Fred Miller*, for respondent:

"In a contest for priority between a mortgagee of the land and a judgment creditor, whose judgment was docketed on the same day with the mortgage, it seems reasonable to accord the former the same rights and privileges that are granted to a purchaser. The hour of entry may be inquired into and actual priority will give legal precedence." 1 Black, Judgments,

§ 451; *Clawson v. Eichbaum*, 2 Grant (Pa.), 130; *Mechanics' Bank v. Gorman*, 8 Watts & S. 304; *Small's Appeal*, 24 Pa. St. 398; *Ladley v. Creighton*, 70 Pa. St. 490; *Murfree v. Carmack*, 26 Am. Dec. 232; *Biggam v. Merritt*, 12 Am. Dec. 576; *Rockhill v. Hanna*, 15 How. 195.

The opinion of the court was delivered by

REAVIS, J.—The plaintiff commenced an action in the superior court of Yakima county, to foreclose a mortgage executed by the defendant Rosenfeld and wife to plaintiff, upon certain real estate in the city of North Yakima. The mortgage was dated the 10th day of May, 1894, and filed for record on that day at three o'clock P. M. On the same day the defendant W. H. Vessey obtained a judgment against defendant J. L. Rosenfeld, in the superior court of Yakima county which was entered in the journal as of that day. In the complaint it was alleged that defendants Vessey and wife claimed an interest in the real estate described in plaintiff's mortgage, but that the claim of Vessey and wife was inferior to that of plaintiff. Vessey and wife answered and set up the judgment, claimed a lien thereunder, and alleged that at the date thereof Rosenfeld and wife were the owners of the real estate as community property, and that the judgment was a community debt, and alleged that the lien of the judgment was superior to that of the mortgage.

The court heard oral testimony to determine the question of the actual time of filing for record of both the judgment and the mortgage, and held, upon the proof taken, that the mortgage was filed first and was, therefore, prior to the lien of the judgment and should be first satisfied out of the proceeds of the real estate mortgaged.

Respondent moves to strike appellants' brief on

three grounds: (1) That the appellants are made to appear as plaintiffs, and the respondent as one of the defendants; (2) that the errors relied upon to reverse the judgment are not clearly pointed out; (3) that the finding appealed from is not printed in the brief, nor was any finding that the court was requested to make and which was refused.

The appellants' brief states that the court held that the mortgage was prior to the lien of the judgment, and that is assigned as error. We think this sufficiently points out in this case the error complained of, as there is but a single question presented. The superior court made no special findings of fact separately from the decree, but decreed the lien of the mortgage superior to that of the judgment. Therefore it would be of no assistance to this court to print in the brief the decree, or that portion of it relating to the priority of the mortgage over the lien of the judgment, and the motion to strike the brief cannot be sustained.

Respondent maintains that the judgment of W. H. Vessey was obtained upon a community debt, and that the appellants could not pro rate with the respondent as against the community interest of Sere Rosenfeld, the wife, because appellants introduced no testimony to show that it was a community debt, and there was no finding by the court upon that issue. We think the presumption, in the absence of any proof, is in favor of the judgment creditors' contention that the judgment was obtained upon a community debt, and there is no question but that the real estate, the subject of this controversy, was community property.

The single question presented here is as to the priority of the mortgage which was assigned by the court over the judgment lien. At common law the judg-

ment lien was established on the first day of the term in which the judgment was rendered, but such rule has been generally abrogated by practice, and in some instances by statute, in this country. The rule is fixed in this state by statute.

"The lien shall attach from the day of the date of said judgment." Code Proc., § 449.

The court will not look further into the fraction of a day under this statute than to determine a superior equity. Where a purchaser in good faith parts with money for real estate upon a clear record, he ought to be protected against a judgment obtained upon the same day but not actually entered at the time of the advancement of the money; and we think the same protection should reasonably be afforded a mortgagee who actually advances money upon the security on a clear record. Mr. Freeman, in his treatise on Judgments, says:

"It seems to be well settled . . . that unless the law provides for fractions of days, all judgments entered on the same day will be regarded as if entered at the same time, and as creating liens equal in point of priority, and entitled to be paid *pro rata* out of the debtor's real estate. Still this rule does not prevail universally. In many instances, courts have inquired, even as between different judgments, the precise time when they were entered or docketed, and decided that the law will take notice of fractions of days in the contests between creditors seeking to have funds realized from the sale of lands applied in satisfaction of their judgment liens. Upon principle, one who advances money and takes a mortgage or deed of trust as security ought to be protected from secret liens to the same extent as if he were a purchaser of the property taking a conveyance of the legal title. The authorities, however, do not concur in this conclusion. In some of them, mortgages are treated with

the same indulgence granted to purchasers." Free-man on Judgments, (4th ed.), § 370.

In Pennsylvania the rule is that a mortgage and judgment entered on the same day will be regarded as taking effect simultaneously and as entitled to be paid *pro rata*. But some courts, while conceding the necessity to ascertain the hour of the entry of the lien, nevertheless refuse to enter into any examination beyond the record, and the question is determined upon the record alone. But the weight of authority, and certainly sound principle, would seem to justify an inquiry into the precise time at which the judgment was entered, by less than record proof. The maxim that the law divides the day where equity requires it would seem to be the correct one, and the law ought to divide the day in favor of one who loans money or parts with anything valuable, when the inducement for his action is the security given him upon the then unincumbered real estate of the borrower. We do not think that the equity of the mortgagee, where he has advanced his money, is necessarily or ordinarily inferior to the equity of a purchaser.

In this cause the superior court heard other than record testimony to determine the precise time of the filing of the judgment, and also of the mortgage, and while there was some conflict in the testimony of the witnesses, we think the court found correctly that the mortgage, which bore upon its face the hour of filing — three o'clock in the afternoon — was placed of record before the judgment. It appeared from the testimony of counsel for the plaintiff, the mortgagee, that the time of the filing of the judgment was fixed in their memories because plaintiff's claim had been held by them for collection for a considerable time, and they were watching the progress of the trial be-

tween Vessey and Rosenfeld in order to file their mortgage before the judgment was actually entered. One of the attorneys for plaintiff testified :

" The judgment entry in said cause was not filed " until after the mortgage sued on here was filed.    I " am certain of this because we had the claim of plain-" tiff for collection and we were watching it for the " purpose of getting in ahead of the judgment, and my " attention was particularly called to it at the time."

The judgment of Vessey was evidently filed very shortly after the mortgage, the same afternoon, after three o'clock.    There was no new consideration whatever for the execution of the mortgage held by plaintiff.    It was executed to secure an antecedent debt. We cannot place this mortgage in the same rank with one which was executed upon a present valuable consideration, and where the mortgagee in good faith advanced his money upon the faith of an existing clear record of unincumbered real estate.

We think that here, the court having inquired into the fraction of the day to determine the equities between the lien of the judgment and the mortgage, should, upon the testimony, have found them equal and directed that they be pro rated in the proceeds from the real estate covered by both liens.    The cause is therefore reversed with the direction to the superior court to modify its decree in accordance with this opinion.

DUNBAR and GORDON, JJ., concur.