FABIEN et al., Respondents, v. GRABOW, Appellant.

St. Louis Court of Appeals, December 1, 1908.

1. JUSTICE OF THE PEACE: Jurisdiction: Mechanic's Lien: Notice of Suit. The jurisdiction of a justice of the peace must affirmatively appear on the face of any proceeding, and in a proceeding begun before a justice of the peace to enforce a mechanic's lien, the record must affirmatively show that the notice of suit required by section 3383, Revised Statutes 1899, was filed in the office of the circuit clerk before the action was commenced.

2. ———: ———: ———: ———. In an action to enforce a mechanic's lien begun before a justice of the peace, where the record showed the filing of the notice in the office of the circuit clerk of intention to begin the suit was on the same day

134 App—13

the summons was issued by the justice and there was nothing to show that the suit was commenced after the filing of the notice, there was a failure to affirmatively show jurisdiction in the justice of the peace and the plaintiff could not recover.

Appeal from St. Louis City Circuit Court.—*Hon. Virgil Rule* and *Hon. Robt. M. Foster,* Judges.

REVERSED AND REMANDED.

*Albert L. Schmidt* for appellant.

The proceedings fail to affirmatively show that the notice of intention to sue, was filed in the circuit clerk's office, before suit was begun before the justice, and the filing of such notice before suit is commenced is jurisdictional. Ewing v. Donnelly, 20 Mo. App. 6; Schroeder v. Mueller, 33 Mo. App. 28; Wise v. Loring, 54 Mo. App. 264; R. S. 1899, sec. 3893; Cunningham v. Railroad, 61 Mo. 36. The jurisdiction of a justice of the peace in suits to enforce a mechanic's lien is special, and every essential to its exercise must appear on the face of the proceedings. Heimberger v. Harrison, 83 Mo. App. 544; Ruckert v. Richter, 127 Mo. App. 668. No presumption can be indulged in, in favor of the jurisdiction of a justice of the peace. Bick v. Lanham, 123 Mo. App. 268; State v. McCord, 124 Mo. App. 68; 2 Freeman on Judgments, sec. 517. A day is, in the eye of the law, *punctum temporis* (a point of time) and no presumption can be indulged that one thing occurred before another, where both occur on the same day; on the contrary the presumption is that both occurred at the same time. Shaffer v. Detie, 191 Mo. 387; Levy v. Bank, 158 Ill. 88. Since the justice did not acquire jurisdiction, it is equally as well settled that the circuit court to which the case was appealed, acquired none; the jurisdiction of such appellate court was only derivative. Bank v. Doak, 75 Mo. App. 336.

*Christian F. Schneider* for respondents.

(1) The summons is a part of the record, and the trial court could take notice of it without its being formally offered in evidence at the trial. State to use, etc., v. Mason, 38 Mo. 491; Battson v. Clark, 37 Mo. 34; McDonnell v. Nicholsen, 67 Mo. App. 415. (2) The appellate court will not permit irregularities that were passed over without objection in the trial court, to be sprung for the first time on appeal, and all motions are required by statute to be accompanied by a written specification of the reasons on which they are founded. Wiltshire v. Triplett, 71 Mo. App. 332. (3) In the appellate court all things are presumed to have been regularly and solemnly done until the record shows the contrary. Byrne v. Carson, 70 Mo. App. 126; State to use v. Stuart, 74 Mo. App. 182; Zugg v. Arnold, 75 Mo. App. 68; Grocery Co. v. May, 80 Mo. App. 300. (4) In the absence of instructions, the appellate court will presume that the circuit court, as the trier of the facts, submitted to itself the questions at issue. And where no demurrer is interposed, it stands admitted that plaintiff made out a prima-facie case. Rice v. McClure, 74 Mo. App. 383; James v. Hicks, 76 Mo. App. 115; Express Co. v. Tyler O. F. Co., 72 Mo. App. 151; Wishmeyer v. Richardson, 153 Mo. 556.

GOODE, J.—The question to be decided is whether or not it was shown the justice before whom this case was begun had jurisdiction to issue process; and the alleged defect in the showing of jurisdiction is failure to prove a notice of an intention to begin a suit to enforce the mechanic's lien, which is the subject-matter of the action, was filed in the office of the clerk of the circuit court prior to commencing the case before the justice, as is required by the statutes. [R. S. 1899, sec. 3383.] It is held the jurisdiction of the justice must appear on the face of the proceeding; and to make it

appear it must be shown, among other things, the statutory notice was given before beginning the action. [Ewing v. Donnell, 20 Mo. App. 6.] The lien account was filed in the office of the circuit clerk on November 3, 1906, and the notice of intention to begin suit, on January 26, 1907, at eleven o'clock a. m. Said notice stated suit would be brought for the enforcement of the lien before George W. Reichman, justice of the peace, on the same day, to-wit, January 26th; and this was done. Plaintiffs had judgment before the justice, and defendant appealed to the circuit court; where, on a trial anew, plaintiffs introduced the mechanic's lien account, evidence to sustain the demand, the notice of intention to file suit and the indorsement showing it was filed January 26, 1907, at eleven o'clock, as stated. The summons issued by the justice was not put in evidence; but plaintiffs' attorney either read or stated its contents, showing it was dated January 26th; but the date of its delivery to the constable was not shown, though said officer is required to note this on the writ. [R. S. 1899, sec. 3850.] Neither was the day nor hour when it was delivered shown by evidence aliunde. The commencement of the action before the justice of the peace is held to date from the delivery of the summons to the constable for service. [R. S. 1899, sec. 3850; Hornsby v. Stevens, 65 Mo. App. 185.] As there was no direct proof, either by record or *in pais,* that the summons was issued at an hour subsequent to the filing of the notice of intention to bring suit, defendant contends the justice's jurisdiction was not made to appear affirmatively; because, as the notice of suit was filed on the day the summons was issued, the law presumes these acts happened simultaneously. [Shaffer v. Detie, 191 Mo. 377, 387; Kimm v. Osgood, 19 Mo. 60.] The rule that the court takes no notice of fractions of days is subject to exceptions, and when it is essential to justice to determine the priority of acts done on the same day, courts will receive evidence on the issue. [Kimm v.

Osgood, supra; 8 Am. and Eng. Ency. Law (2 Ed.), 742. The burden of proof rests on the party who asserts an act or event occurred prior to some other which happened on the same day, to establish what he alleges. [Levy v. Bank, 158 Ill. App. 88, 103.] It was incumbent on plaintiffs to prove they gave notice of their intention to sue before they sued. The only evidence introduced for this purpose was the filing mark on the notice of suit; but as the summons was part of the record, the court might take notice of it. [Bateson v. Clark, 37 Mo. 31.] The summons did not show whether the hour of its issue and delivery to the constable was earlier or later than the hour when the notice was filed, and, therefore, plaintiffs fell short of proving affirmatively the suit was commenced after notice was given. It is argued the circuit court could take notice of the transcript of the justice of the peace, and that this document showed the justice found the suit was commenced after the filing of the notice. The transcript recites plaintiffs filed a notice on January 26th, which stated the case would be instituted on the same day, "and that suit was, in conformity with said notice, begun on said last-named day;" recites, further, that these facts were set out in the petition and proved by the evidence adduced at the trial before the justice. The petition says, in substance, that plaintiffs, on November 3, 1906, filed in the office of the circuit clerk, a mechanic's lien account, verified by affidavit, together with a notice stating the date when and the justice before whom an action would be instituted to enforce the lien. Therefore the petition stated the notice was filed on the same day (November 3, 1906) the lien account was filed, which no one pretends was true; but nevertheless the justice recited the petition stated the true facts as they were proved on the trial. However the exact question right here is whether the recital in the transcript that the notice was filed (whether on November 3rd or January 26th) and suit was brought in conformity to it,

and therefore at a later hour, was evidence which the circuit court might consider in determining which was filed first, the notice or the suit. Justices of the peace are required to make certain entries on their dockets (R. S. 1899, sec. 3844), and are also required, when appeals are taken, to file in the office of the clerk of the circuit court having appellate jurisdiction, a transcript of all entries on their dockets relating to the cases appealed, together with the process and other papers. [R. S. 1899, sec. 4069.] Their docket entries are evidence of the facts they are required to record, and of no others. [Brown v. Pearson, 8 Mo. 159; Farmer v. Hunter, Id. 512; Heman v. Larkin, 99 Mo. App. 294; Carpenter v. Roth, 192 Mo. 658.] In Heman v. Larkin, it was said that, as the statutes do not require a justice to enter when a summons is delivered to a constable, the docket is not competent to show the time; and so in Gott v. Williams, 29 Mo. 461, where the question was when the lien of a justice's execution took effect, the constable having failed to indorse on the writ the date when it came into his hands, it was held an entry in the justice's docket showing the time of delivery to the constable, was not evidence of the fact. We know of no statute which requires a justice of the peace in a mechanic's lien action, to recite in his docket the suit was instituted after the filing in the office of the circuit clerk of a notice of intention to institute suit; though it is the duty of the justice to find the notice was given before the suit was begun. When such a case is appealed to the circuit court, it must be tried *de novo*, like any other appeal from a justice (R. S. 1899, sec. 4071); and the jurisdiction of the justice may be challenged in the circuit court. When challenged it must be determined on the record, if possible, or, if jurisdiction depends, as in the present instance, on a fact which can be shown only by evidence *aliunde,* the evidence must be produced by the party bound to show jurisdiction. It is manifest the filing mark on the notice of

suit itself and the summons, did not prove the essential fact that the notice was filed before the summons passed to the constable. An issue was raised in the circuit court as to this matter, and thereby said court was called on to find the truth; being neither bound by the recital in the justice's transcript, nor allowed to consider the recital as evidence. It was hearsay; for writing it on the docket was gratuitous and not done in obedience to law. It follows the jurisdiction of the justice was not shown. Plaintiff's counsel insists we should treat this point as a technicality, which worked no harm to defendant. The question of jurisdiction goes to the merits of the appeal.

The judgment is reversed and the cause remanded. All concur.