**John Dooley, Appellee, v. Patrick Ahern et al., on appeal of E. R. Stege Brewery, Appellant.**

**Gen. No. 19,751. (Not to be reported in full.)**

Appeal from the Superior Court of Cook county; the Hon. WILLIAM E. DEVER, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed January 25, 1915.

### Statement of the Case.

Suit for foreclosure by John Dooley against Patrick Ahern, Bridget Ahern and E. R. Stege Brewery.

The mortgage to foreclose which the suit was brought was in form a warranty deed, by Patrick Ahern and Bridget, his wife, and was given to secure the payment of loans made at various times from September, 1903, to February, 1910, by Dooley to Ahern and the interest on the loans. The premises

covered had been occupied by the Aherns, part of the building being used as a store or saloon and part being used by them as a residence. At the time the deed was executed, they had rented out all of the premises, but they had the intention of returning to it as a residence after the expiration of the lease and actually did so. The deed, which was dated and acknowledged October 20, 1911, was filed in the office of the recorder of Cook county on October 21, 1911, at 11:34 A. M.

While conducting the liquor business on the premises, Ahern became indebted to E. R. Stege Brewery and, with his wife, had given to it a judgment note.

On October 21, 1911, at 12:11 P. M., a *narr* and *cognovit* based on the note and power of attorney was filed in the office of the clerk of the Circuit Court of Cook county. Judgment was immediately entered and an execution was subsequently issued and a levy under it made on the premises. Thereafter the premises were sold by the sheriff under the levy and were bought by the Stege Brewery to which a certificate of sale was duly issued. The certificate was duly recorded by the Brewery.

The decree in the foreclosure proceeding provided that the property should be sold under the usual conditions of a foreclosure sale and that the proceeds should go: First. To satisfy the amount which it secured, with interest from the date of the decree; second, if there should be a surplus, to pay Patrick Ahern one thousand dollars for the homestead which it found him entitled to, subject only to the waiver thereof in the deed of warranty; third, if there should be a further surplus, such surplus to be held by the master making the sale subject to the further disposition which the court might make thereof. In the decree it was also found that the interest of E. R. Stege Brewery was subordinate and subject to Ahern's homestead.

From this decree only E. R. Stege Brewery appeals, alleging as error the admission of improper evidence; the entry of the decree in favor of complainant; the failure to find that a part of complainant's claim was barred by the statute of limitations; the finding that complainant's lien was superior to that of E. R. Stege Brewery; the failure to find that the warranty deed was fraudulent; the reopening of the case after the hearing was closed and argument had to admit evidence removing certain of complainant's claims from the bar of the statute of limitations; the finding that Ahern was entitled to a homestead as against the Brewery.; the allowing complainant the benefit of ·fractions of a day in ascertaining the priority of the liens.

SIMEON STRAUS and IRA E. STRAUS, for appellant.

VINCENT D. WYMAN, for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

### Abstract of the Decision.

1. TRIAL, § 81*—*when reopening of case by master to hear evidence not an abuse of discretion.* On a reference to a master in a proceeding to foreclose a warranty deed given as a mortgage to secure certain loans, the master may, in the exercise of his discretion, reopen the case, after it has been declared closed and the argument heard, to hear evidence on a subsequent promise to pay loans which were barred by the statute of limitations.

2. LIMITATION OF ACTIONS, § 85*—*how affected by giving of mortgage to secure pre-existing debt.* The giving of a mortgage to secure a pre-existing debt will stop the running of the statute of limitations or revive a debt where barred.

3. MORTGAGES, § 56*—*when evidence insufficient to show that warranty deed given as a mortgage is fraudulent.* The mere fact that there are circumstances tending to show a desire on the part of a debtor to prefer a personal creditor to a business creditor is not sufficient to render fraudulent a warranty deed given as a mort-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

gage securing the indebtedness to the former creditor, where the evidence shows that debt to secure which it was given was for money actually loaned by the personal creditor to the debtor.

4. MORTGAGES, § 13*—*when form does not render deed given as mortgage fraudulent.* The fact that an instrument which is, in fact, a mortgage is, in form, a warranty deed does not render it either conclusively or constructively fraudulent in so far as it is based upon an actual consideration, even though, in the bill to foreclose it, after accurately describing the apparent form and real nature of the instrument, the complainant adds an alternative prayer that in the event the deed shall be construed as a trust rather than a mortgage, then the levy of judgment and certificate of sale thereunder to a defendant creditor shall be set aside as a cloud on complainant's title to the premises.

5. MORTGAGES, § 56*—*when evidence insufficient to raise presumption of fraud in warranty deed given as mortgage.* Where the evidence shows that a warranty deed given as a mortgage was given to secure a bona fide indebtedness, the mere fact that the manner and circumstances in which it was given indicate an intention to prefer one legitimate debt to another is not sufficient to raise a presumption of fraudulent intent.

6. MORTGAGES, § 56*—*when evidence sufficient to overcome possible presumption of fraudulent intent in giving warranty deed as mortgage.* Any possible presumption of fraudulent intent which may arise from the fact that an instrument given as a mortgage to secure a debt was in form a warranty deed, and was given in circumstances indicating an intention to prefer the creditor, is overcome by evidence that the debt was bona fide and that the attempt was not to delay or defraud creditors but merely a legitimate and meritorious effort to prefer the grantee.

7. TIME, § 4*—*when fraction of a day to be considered.* In a proceeding to establish the relative superiority of a warranty deed to property and a judgment entered on the same property, equity may take notice of the fact that the deed was recorded thirty-seven minutes before the entry of the judgment.

8. HOMESTEAD, § 101*—*when evidence insufficient to show intention of owner not to return.* On an objection to an allowance of a homestead estate in a debtor's property, on the ground that he had left the property with no intention of returning, direct evidence of the debtor that this was his intention with evidence that he did, in fact, return cannot be overcome by merely alleging a suspicion that he did not intend to return.

9. MORTGAGES, § 114*—*when prior to lien of judgment.* A debtor who was indebted for bona fide loans, gave to the creditor to secure

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the debt a mortgage which was in form a warranty deed which deed was filed by the creditor for record in the office of the recorder of Cook county the day after it was executed. The same creditor had previously given another creditor a judgment note and on the day the deed was filed for record, but thirty-seven minutes later, the latter creditor filed a *narr* and *cognovit*, based on the note and a power of attorney, in the office of the clerk of the Circuit Court of Cook county, judgment was immediately entered thereon and execution was thereafter issued on the judgment, a levy under it was made and the premises were sold under the levy and bought by the judgment creditor, who received a certificate of sale which was duly issued and duly recorded. On a proceeding thereafter to foreclose the mortgage of the first creditor, it was *held* that his lien was prior to that of the second creditor.