JOHN WHITE et al., Appellees, v. HOMER BRIGGS et al., Appellees; CENTRAL SAVINGS BANK OF WHAT CHEER, Appellant.

**JUDGMENT:** Priority—Judgment and Mortgage Entered and Recorded on Same Day. The lien of a judgment is prior in right to the lien of a mortgage which is executed and recorded on the same day, but subsequent to the entry of said judgment.

*Appeal from Keokuk District Court.*—H. F. WAGNER, Judge.

NOVEMBER 11, 1924.

THE controversy in this case is between two codefendants, and the issue is made by cross-petition and answer. These two defendants are the First National Bank and the Central Savings Bank. Each of them was a lien holder upon the land involved in the suit, and each claimed priority over the other. The decree awarded priority of lien to the defendant First National Bank. The Central Savings Bank has appealed.—*Affirmed*.

*Stockman & Baker,* for appellant.

*Thomas J. Bray,* for appellee.

EVANS, J.—The main suit was a partition suit, brought by the plaintiff as a tenant in common against his cotenants and alleged lien holders. Such main suit presents no controversy. The plaintiff John White was the owner of the undivided one tenth of the real estate involved. The liens which are involved in this appeal were upon his undivided interest. It appears that, on the morning of June 10, 1922, he confessed judgment upon a note in favor of the defendant First National Bank. Such confession was duly filed and judgment entered thereon at 11:30 A. M. Later in the day, and at about 4 P. M., he duly executed a mortgage to the Central Savings Bank upon his undivided interest in such land, to secure an existing debt owed to said mortgagee. Such mortgage was immediately filed for record. All the foregoing proceedings were had in Keokuk County, where the real estate was situated. The contention for the Central Savings Bank is that, because its mortgage was executed upon the same day as the entry of judgment, and because no levy of execution was made under the judgment before it took its mortgage, the appellee First National Bank acquired no priority of lien over it; and that its own lien either takes priority over the judgment or is, at least, equal therewith. The argument for the appellant is predicated upon the rule that two judgments entered in the same court on the same day against the same defendants in favor of different plaintiffs stand on an equality as to priority, even though one was necessarily entered upon the records in advance of the other. It is contended that the same rule, by analogy at least, applies to the case before us. One of the theories of appellant in making such application is that, in the absence of execution and levy, the judgment of the appellee lay dormant for the first day, and did not become effective as a lien on such date. If this theory be correct, then the mortgage took priority. The alternative theory is that, by analogy of the stated rule, the lien of the mortgage attached simultaneously with the lien of the judgment, both having been created the same day.

At the outset, it may be stated that the rule upon which appellant's argument is predicated is presumptive, and not absolute; is not of general or wide application; and is not inflexible against circumstances of equity. The rule is confined, in its application, to the relative priority of judgments, and arises out of conditions which are peculiar to the record entry of judgments. The general theory of the rule is that a judgment entered upon any day comes into force as of the beginning of the day. A partial reason for such a rule is that, when the day of judgment has arrived, the plaintiff is entitled to his judgment as of the beginning of the day, though the convenience of the court may require more or less delay. If there be more than one plaintiff proceeding against the same defendant, each is equally entitled to immediate judgment. If the first judgment to be clerically entered should thereby take priority, then each plaintiff creditor will beseech the court for the first place. If the pursuit of judgment be a race of creditors, the court may not properly favor the one and disregard the other. In a court of record, each is entitled to his default at the same hour, and to judgment forthwith. There is a quality of equity, therefore, in treating their judgments as simultaneous, even though one be clerically spread upon the records in advance of the other. The rule is applicable only to judgment liens, and is not applicable to liens created by contract of the parties, and presumably for a consideration. In such cases, the reason for the rule disappears. When a lien is created by contract, as of a mortgage, the mortgagee may rely on the state of the record title as it then is; and, on the other hand, is constructively bound by such state of the record. A mortgage lien attaches, as between the parties thereto, at the very time of its execution, to the extent of the interest of the· mortgagor. It becomes constructively binding upon third parties when properly filed for record. It cannot be affected by subsequent liens, even though they attach on the same day. Nor can the mortgagee disregard prior liens, even though they have attached the same day. So in this case, if the appellant's mortgage had been filed for record at an earlier hour than the entry of appellee's judgment, it would have taken priority thereover. The converse must neces-

sarily be true. If the mortgagee took his mortgage at a later hour, he took it charged with notice of the appellee's judgment. The land was already charged with a lien as against the judgment defendant, who was mortgagor. The mortgagor could not convey a greater interest than he had himself. If the judgment debtor could defeat or partially defeat the judgment lien by the execution of a subsequent *mortgage,* even on the same day, then, by the same reasoning, he could defeat it by the execution of a subsequent *deed* on the same day. It was not in the power of the judgment debtor to contract a greater right than he himself had. The measure of his right is the measure of the right conveyed by the mortgage. We hold, therefore, that the rule contended for has no application to the case before us. The judgment lien attached at the time of the judgment entry. It was, therefore, beyond the power of the judgment debtor to interfere with it thereafter by any contract with the third party. The rule that the law takes no notice of fractions of a day is not applicable where vested rights are at stake, and where a conflict of rights and priorities is presented. For a collection of authorities on that question, see 26 Ruling Case Law 736, 737. See, also, the following cases: *Goetzinger v. Rosenfeld,* 16 Wash. 392 (38 L. R. A. 257) ; *Dooley v. Ahern,* 191 Ill. App. 140 ; *Fabien v. Grabow,* 134 Mo. App. 193 (114 S. W. 80) ; *National Bank v. Burkhardt,* 100 U. S. 686 ; *Louisville v. Savings Bank,* 104 U. S. 469 ; *Taylor v. Brown,* 147 U. S. 640.

It is well settled that, in determining the priority of mortgage liens, account will be taken of the very hour of execution and filing of the respective mortgages. We see no reason why the same test should not be applied to the conflicting claims before us herein. We are clear that the trial court properly decreed priority to the judgment lien, which had fully attached some hours before the execution of the mortgage. Its decree is, accordingly, affirmed.—*Affirmed.*

ARTHUR, C. J., and PRESTON and FAVILLE, JJ., concur.