8    159
99a  ¹298

## BROWN *vs.* PEARSON.

1. The transcript of the docket of a justice of the peace is evidence only of such matters as he is by law required to place there. Therefore, where the justice stated on his docket that the agent of the plaintiff released one of the defendants from the note sued on, it was held no evidence of a release.

2. In a suit against two or more on a joint note, the plaintiff may enter a *nolle prosequi* as to one without discharging the others.—See R. S. 1835, title, " Practice at Law," art. 3, sec. 18, p. 459 ; and act of Feb. 13, 1839, concerning Practice, sec. 1, Session Acts of 1838, '39, p. 99.

APPEAL from the Audrain Circuit Court.

Napton, *Judge, delivered the opinion of the Court.*

This was an appeal from a judgment obtained before a justice of the peace, on a note signed by defendant and one W. G. Brown. On the trial in the Circuit Court, the defendant, Felix Brown, offered to read, and did read, an extract from

the docket certified by the justice, to the following purpose: "The aforesaid W. G. Brown was released from the said note by M. Pearson, agent for said Joseph Pearson, plaintiff, on the day of trial." Whereupon the court was called upon to instruct the jury, that if they believed from the evidence that the plaintiff had released either of the obligors in said note, it is a satisfaction of the debt.

This instruction was given, but it was further added, that in order to release a party from his liability on a note, the release must be in writing, signed by the person interested in the note, or some person duly authorized by him.  Exceptions were taken to this opinion of the court, and this is the matter of error relied on to reverse the judgment.

This entry of a release upon the docket of the justice was, obviously, not contemplated as a discharge of the others, since the plaintiff proceeded to take judgment; and if it had been so designed, the justice had no authority to make such entry on his docket.  The transcript of the docket of a justice of the peace is evidence only of such matters as he is by law required to place there. — Perry *vs.* Block and Others, 1 Mo. Rep., 480.

If it was designed, as it seems probable it was, as an entry of a *nolle prosequi*, it would not have the effect of discharging the other parties to this judgment.  It is laid down by Chitty, (Chitty's Plead., 599,) that in actions, in form *ex contractu*, unless the defence be merely in the *personal* discharge of one of the defendants, as bankruptcy, a *nolle prosequi* cannot be entered as to one defendant without discharging the others, for the cause of action is entire and indivisible.  In the case of Minor and Others *vs.* the Mechanics' Bank of Alexandria, (1 Peters' Rep., 47,) the Supreme Court of the United States reviewed the authorities on this subject, and came to the conclusion that, even at common law, a *nolle prosequi* did not amount to a *retraxit*, but simply to an agreement not to proceed further in that suit, as to the particular person or cause of action to which it applied.  In Hartness *vs.* Thompson, (5 Johns. Rep., 160,) where an action was brought against three, upon a joint and several promissory note, and there was a joint plea of *non assumpsit*, and the infancy of one defendant pleaded, it was held, that upon a verdict found in his favor, against the other two defendants, the plaintiff might enter a *nolle prosequi* as to the infant, and take judgment upon the verdict as to the others.  In Woodward *vs.* Marshall, (1 Pick. Rep., 500,) upon a joint contract and suit against two persons, one of whom pleaded infancy, it was held by the Supreme Court of Massachusetts that a *nolle prosequi* might be entered as to the infant, and the suit prosecuted against the other defendants.

It will be perceived that the Supreme Court of the United States, in the case of Minor *vs.* the Mechanics' Bank, have gone further than the courts did either in Massachusetts or New York.

The court proceed on the ground that the question was one of practice, rather than principle, to be decided upon considerations of policy and convenience; and therefore held, that where the defendants severed in their pleadings, whether the pleas involved a personal discharge or not, a *nolle prosequi* ought to be allowed.

It is not necessary for us to rely upon the authority of that case, to justify the same conclusion to which the court there arrived.

Our statute (Rev. Code, 1835, p. 459,) provides, "that every person that shall have a cause of action against several persons, and be entitled by law to only one satisfaction therefor, may bring suit thereon jointly against all or as many of the persons liable as he may think proper.

The act of February 13, 1839, provides, that "in actions founded on contract, and instituted against several defendants, the plaintiff shall not be non-suited by failing to prove that all the defendants are parties to the contract, but may have judgment against such of the defendants as shall have been proven to be parties to the contract."

This last provision of our statute appears to destroy all distinction between actions in tort and those founded on contract, so far as the forms of pleading in the two actions are concerned, and there is no reason, whatever may be the weight of authority and reason on common law principles, that a *nolle prosequi* in actions on joint contracts, since the passage of this act, should be held to have any different operation from what a *nolle prosequi* would in actions founded on tort. At common law, if parties were jointly liable, the plaintiff was obliged to proceed against all, and an omission of a party jointly liable with the other defendants could be pleaded in abatement.—1 Saund., p. 291.

The contract being considered one and indivisible, and the cause of action entire, a *nolle prosequi* as to one released the others.

Such is not the law now; at least since the passage of the act of assembly above recited. This rule, however, must be understood to be a matter of practice and convenience, and-it is not intended to be established that a party is at liberty to *release* one of several co-obligors, without releasing the others. The rights of co-securities, as between each other, is not designed to be affected by regulations concerning the forms of pleading.

The entry of the *nolle prosequi* on the docket of the justice, as to W. G. Brown, if it be construed a *nolle prosequi*, did not operate to discharge the other defendant, Felix Brown.

Judgment affirmed.