GOTT, Respondent, v. WILLIAMS *et al.*, Appellants.

1. From the date of the delivery of an execution issued by a justice of the peace to the constable, it is a lien on the personal property of the defendant "found within the limits within which the constable or other officer can execute the process." The lien commences only upon such delivery. (R. C. 1855, p. 964, § 5.)
2. Where a judgment is rendered by a justice of the peace of one township and the defendant resides in another, and the execution issued is directed to the constable of the township in which the judgment is rendered, the lien of the execution will be coextensive with the county. (R. C. 1855, p. 964, § 6.)
3. The officer receiving an execution from a justice of the peace should endorse thereon the time of its receipt. The docket of the justice can not be received in evidence to show the date of the receipt of the execution by the constable.
4. The fact that the plaintiff in a suit has engaged to pay over to another the sum sued for when recovered does not render such person an incompetent witness in behalf of the plaintiff as being the person for whose benefit the suit is prosecuted.

*Appeal from Greene Circuit Court.*

It is sufficient to state, in addition to the facts stated in the opinion below, that Canefox stated on cross-examination that he agreed with Gott that he would pay back the purchase money of the horse, and that Gott was to commence this action and prosecute it for the benefit of Canefox; that he (Canefox) was to pay all costs that might accrue, and have whatever might be recovered; that he afterwards did pay back the said purchase money. The following is the instruction alluded to in the opinion of the court: "1. If the jury believe from the evidence that Forbes as constable took out of possession of plaintiff a horse and sold him at the instance of Williams, they must find for plaintiff as against Williams the value of the horse in the way of damages.

*Waddell & Orr*, for appellants.

I. The court erred in refusing to exclude from the consideration of the jury the testimony of Canefox. He was the real party in interest. The court also erred in refusing to

permit defendants to read to the jury the transcript of the docket of the justice. (25 Mo. 334.) The horse when bought of Goodrich was subject to the lien of the execution. The court erred in refusing the instructions asked by the defendants.

*Parsons & Price*, for respondent.

I. Canefox was a competent witness. The transcript was properly excluded. It was not properly authenticated. The instruction given for the plaintiff, taken in connection with those given for defendant, properly presented the law of the case to the jury. There was no evidence to show that there was a lien upon the horse at the time of the private sale by Goodrich.

NAPTON, Judge, delivered the opinion of the court.

In this case the defendant Williams had obtained a judgment before a justice of the peace in Porter township, of Greene county, against Goodrich and Ricketts, the former of whom lived in Campbell township of the same county. The execution was issued on the 30th of June, 1857, and directed to the defendant Forbes, constable of Porter township. The execution was renewed on the 12th of September, and on the 8th of December the constable levied on a horse, then in the possession of Gott, the plaintiff. The horse had been purchased by Gott of one Canefox, who had bought him of Goodrich, defendant in the execution, about the last of August of the same year.

One question presented by the instructions asked by the defendant is, whether the writ was a lien from the date of its testc. The decision of the court on this point was in accordance with what we understand to be the plain implication of our present statute on this subject. The statute directs the officer to endorse on the writ the time of its receipt, and declares that, from the time of its delivery to the constable, it shall be a lien on the personal property of the defendant in the execution " found within the limits within

which the constable or other officer can execute the process."
(R. C. 1855, p. 964.) Whatever may have been the common law relative to the lien of executions, this statutory provision clearly restricts the period of its commencement to the delivery of the writ to the officer, without regard to the period when it was issued. The refusal of the circuit court to give the instruction which the defendant asked, declaring the law to be that " during the running of the writ" the execution was a lien, was therefore proper..

Another question presented in a case of this kind, where the judgment is obtained in one township and the defendant resides in another is, whether the lien reaches the property of the defendant in the township where he lives, or only takes effect from the levy. The statute declares the lien to reach all the personal property of the defendant found "within the limits within which the constable or other officer can execute the process." Where the defendant lives in one township, and the plaintiff in another, or where there are two defendants living in different townships, the suit may be brought in the township where the plaintiff resides, if the defendants or either of them be found therein; and in such cases it is at the option of the plaintiff, who obtains judgment, to have his execution directed to the constable of the township where the judgment is rendered, or to the constable of the township where the defendant resides or has property. In the first case, the officer may execute the writ throughout the county. (R. C. 1855, p. 964, § 6.) The lien in such cases would be co-extensive with the limit of the officer's jurisdiction, and would therefore reach any personal property of the defendant within the county, after the delivery of the writ into the hands of the officer.

In this case there was no proof as to the time when the execution came into the hands of the constable. There was no endorsement on the execution as the law requires. The docket of the justice was offered with a view to show the time when the execution came to the hands of the constable, but this was excluded. It is not material whether the exclu-

sion was proper or not, since had it been introduced it could not have established the fact sought to be proved by it, nor was it any evidence of it. The statute makes it the duty of the constable to endorse on the back of an execution the time of its receipt. It is no part of the duty of the justice, even if he happened to have a personal knowledge of the time when the writ reached the officer's hands. A statement, therefore, by the justice, in his docket, upon this subject, is no official act, and is entitled to no weight as a piece of evidence. The constable, having failed to state the fact in his return, might have been permitted to amend his return ; but this was not offered, and the docket of the justice was no evidence on this point, whether properly authenticated or not.

We think Canefox was a competent witness. His testimony shows that it was not his intent to extinguish the claim of Gott, the plaintiff, but merely to save him from all risk. The trespass, if any, was committed on Gott and whilst he owned the horse. He was the proper person to sue. Canefox would have been responsible over to him for the value of the horse in the event the suit failed. This responsibility Canefox anticipated by handing over to plaintiff the purchase money, but it would not be reasonable to suppose it was his intention to take an assignment of the right of action for the trespass.

The first instruction given for the plaintiff in this case is manifestly wrong. It leaves out of view altogether the question of property in Goodrich, and the lien of the execution from the time it came into the hands of the constable. We shall remand the case for a new trial. Judgment reversed and remanded ; the other judges concur.