## HARRY F. HEMAN, Appellant, v. MARY C. LARKIN et al., Respondents.

**St. Louis Court of Appeals, March 3, 1903.**

1. **Justice of Peace:** SUIT IN JUSTICE COURT, COMMENCED WHEN: TAXBILL. Under section 3850, Revised Statutes 1899, a suit in a justice court on a taxbill is not commenced until the writ is issued and delivered to the constable for service.

2. ————: ————: DOCKET ENTRIES NOT EVIDENCE OF DELIVERY OF WRIT. It is not competent to offer the entries in the docket of a justice of the peace, to show when the summons issued by him was delivered to the constable.

3. ————: ————: EVIDENCE, SECONDARY, WHEN ADMISSIBLE. Owing to a constable's failure to indorse on the writ the date that it was delivered to him, testimony tending to establish that the justice of the peace was in the habit of issuing writs and depositing them in a certain drawer in his desk for the constable to take to serve, may be and in this case is admissible in order to keep the lien alive.

Appeal from St. Louis City Circuit Court.—*Hon. Warwick Hough,* Judge.

REVERSED AND REMANDED.

*Hickman P. Rodgers* for appellant.

(1) It was the duty of the justice to state in his docket the time when the summons was issued. R. S. 1899, sec. 3844. (2) The statement that the summons was "issued" to the constable on December 5, 1899, means that it was delivered to that officer on that date. Century Dict. (1889), vol. 11, p. 32; Webster's Dict.; Folks v. Yost, 54 Mo. App. 55. (3) The special taxbill made a prima facie case for plaintiff. Charter, City of St. Louis, art. 6, sec. 25; R. S. 1899, p. 2513; Wolfort v. St. Louis, 115 Mo. 139. (4) The burden is on defendants to show that the summons was not delivered to the constable within the proper time. Horton v. Toeneboehn, 68 Mo. App. 42.

*Geo. W. Lubke, Jr.,* for respondents.

(1) The commencement of an action before a justice of the peace, when begun by process, is the delivery of the summons to the constable. R. S. 1899, sec. 3580; Turner v. Burns, 42 Mo. App. 94; Hornsby v. Stevens, 65 Mo. App. 185. (2) The statute, recognizing that there may be an interval between the time the justice writes out and dates a summons, and the time he delivers it to the constable, requires the constable to note on the summons as part of his return thereon the time of its receipt by him. R. S. 1899, sec. 3580; Madison County Bank v. Suman, 79 Mo. 527. (3) Besides, at law the word ''issue'' does not necessarily imply delivery. Thus an execution might be issued, without its delivery to the officer to be served. McGowan v. Fountain, 50 Minn. 264; an insurance policy issued, although not delivered, Kan. Mut. L. Ins. Co. v. Coalson, 22 Tex. Civ. App. 74; a marriage license issued, although lacking an essential to make its delivery valid, Coley v. Lewis, 91 N. Car. 24.

BLAND, P. J.—This is an action to enforce a special taxbill which is dated December 8, 1897, for improvements in the city of St. Louis. The taxbill runs in favor of the plaintiff, a contractor, who (according to the recital in the taxbill) did certain work necessary for repairing a sidewalk in one of the city streets. The tax was assessed in the usual way against the adjacent property to pay for said work. This suit was brought against the owners and lessee of the land charged with the alleged lien of the taxbill. The latter is founded on provisions of the charter of the city of St. Louis, governing the doing of such work. One of these provisions is as follows:

''Any bill that is not entered 'satisfied' within two years after its date, unless proceedings in law shall have been commenced to collect the same within that

time, and shall be still pending, the lien shall be destroyed and of no effect against the land charged therewith." Charter of St. Louis, 1876, art. 6, sec. 26; R. S. 1899, p. 2514, sec. 26.

The defense in the case at bar is that the suit was begun too late to comply with the terms of the law just quoted. Defendants claimed and the trial court adjudged that the lien of the taxbill had expired before the proceedings in this cause had "been commenced."

Plaintiff had special judgment before the justice. An appeal was taken therefrom to the circuit court where a trial anew was had. The taxbill was offered and read in evidence. It was sufficient to charge the property in question with the lien, unless the latter had expired by reason of delay in commencing the suit.

Evidence was submitted by plaintiff tending to show that his statement of claim was filed, December 5, 1899, before justice Spalding, in one of the judicial districts of the city of St. Louis, and that summons to defendants was issued thereon upon the same day. The language of the justice's docket entry as it appears in the transcript is as follows:

"Summons writ issued to constable Ben. F. Brady, the 5th day of December, 1899, returnable the 20th day of December, 1899, at 7 o'clock, a. m."

On the back of the summons is a printed blank intended, when completed, to show the time when the writ was received by the constable. In this instance the receipt remains a mere skeleton with blanks unfilled.

The first writ was returned unexecuted by the constable. Later writs were served as to some defendants and appearances entered as to the rest. The result of this appeal, however, turns on the true date of issue of the first process mentioned. The later writs were beyond the period of limitation.

Defendants insist that the first writ did not reach the constable within the two years of the life of the lien defined by the charter provision already quoted.

At the close of the trial the court gave a peremptory instruction denying plaintiff any recovery. Judgment followed accordingly, and this appeal was taken from it after the necessary moves to that end in the circuit court.

1. The leading question is, was the suit brought within two years from the date of the bill, the term which the charter marks for the duration of the lien? The organic law applicable to St. Louis differs in phraseology from that of Kansas City on this point, and fixes the commencement of the period of limitation rather more definitely than does the law of our sister city. Folks v. Yost, 54 Mo. App. 55.

Here the taxbill is dated, December 8, 1897. The suit was filed, December 5, 1899. But when was the suit "commenced" within the meaning of the law? One section of our statutes bearing on this question is as follows (R. S. 1899, sec. 3850):

"Suits may be instituted before a justice of the peace, either by the voluntary appearance and agreement of the parties or by process; and the process for the institution of a suit before a justice shall be either a summons or an attachment against the property of the defendant; if by agreement, the action is deemed commenced at the time of docketing the case; if by process, upon delivery of the writ to the constable to be served; and he shall note thereon the time of receiving the same."

The foregoing provision is found in the act governing proceedings before justices. The general code of civil practice contains another enactment bearing on the same subject (R. S. 1899, sec. 566):

"The filing of a petition in a court of record, or a statement or account before a court not of record, and suing out of process therein, shall be taken and deemed the commencement of a suit."

But in respect to the commencement of suits in justices' courts, section 3850, supra, controls, and they

are not deemed commenced until the delivery of the writ of summons to the constable. McGrath v. The St. L., K. C. & C. Ry. Co., 128 Mo. 1; Turner v. Burns, 42 Mo. App. 94; Hornsby v. Stevens, 65 Mo. App. 185.

Section 3859 requires the justice to issue the summons to the constable of the township in which the justice granting the writ resides, or in which the defendant or one of the defendants resides, etc.

Section 3861 prescribes the form of the summons to be issued by the justice. The first sentence of this form reads as follows: "The State of Missouri, to the constable of —— township, in ——— county, greeting:"

Section 3844 requires the justice to keep a docket, and in this docket he is required to enter: "First, the titles of all causes commenced before him; second, the time when the first process was issued against the defendant, and the particular nature thereof," etc.

In Brown v. Pearson, 8 Mo. 159, and Hunter v. Palmer, Ib. 512, it was held that the docket of the justice is evidence only of such matters as he is required by law to place therein.

In the case at bar, the time when the first summons issued by the justice was received by the constable, not being noted on the writ as required by section 3850, the plaintiff sought to prove the date of its delivery by secondary evidence. He offered in evidence the justice's docket, which contained an entry that the writ was issued to Ben F. Brady, constable, on December 5, 1899. The court excluded this docket entry. It is contended by plaintiff that this was error, that the word "issued" imports delivery. We think that while the word in some connections does convey the meaning that the thing issued was delivered, we do not think it has that signification as used in the docket entry of the justice, but that it was used in the sense of directed to. But even if the entry should be construed as a notation on the justice's docket that he had delivered the writ

to Brady, it is not evidence of the fact for the reason that it is not an entry required by law to be made by the justice in his docket.

A parallel question was before the Supreme Court in Gott v. Williams, 29 Mo. 461, where it was important to establish the date of the lien of an execution issued by a justice. The law then, as now, made an execution issued by a justice a lien on the defendant's personal property from the date it was received by the constable, and the law required the constable to indorse on the execution the date it came into his hands. The constable had failed to perform this duty. To supply this omission an offer was made to prove the date of the delivery of the writ to the constable by an entry in the justice's docket. The circuit court excluded the docket entry as evidence. In speaking of this ruling the Supreme Court, through NAPTON, J., said: "It is not material whether the exclusion was proper or not, since had it been introduced it could not have established the fact sought to be proved by it, nor was it any evidence of it."

2. Plaintiff offered evidence tending to prove a uniform and regular custom of the clerk of the justice's court, who prepared the writs issued by the justice, in respect to the issuance of writs and of the manner of their delivery to the constable, which evidence, on objection of defendant, was excluded. Plaintiff proved by a deputy constable that the deputies and constable took the writs issued by the justice out of a drawer of the clerk's desk daily, morning and evening; but that no memorandum was kept of the dates when they were received.

Plaintiff had filed his petition for suit in time to keep his lien in force. A summons was properly issued by the justice. The date of the delivery of the summons to the constable is not made to appear, on account of the omission of the constable to indorse on the summons the date of its reception by him, there-

fore, the primary evidence of the delivery of the writ is wanting and can not be made to appear. When this is the case, the law, in the absence of a statute or a rule making a particular piece of evidence the only evidence to prove a particular fact, ordinarily admits the best attainable secondary evidence to prove the fact in issue. None of the officers through whose hands the writ passed were able to state from memory the date of its delivery. In this situation the plaintiff undertook to show inferentially from the custom prevailing in the office of the justice that the writ was delivered in time to keep alive the plaintiff's lien.

In Blodgett v. Schaffer, 94 Mo. l. c. 670, the Supreme Court said that it was competent for an officer to testify to the custom of his office and the manner of the discharge of its duties. See also Mathias v. O'Neill, 94 Mo. 520.

It was the duty of the justice to deliver the writ to the constable, and it seems to us that if it was the custom of the office to place writs as soon as they were issued in a particular drawer of a particular desk, known to the constable and his deputies, and that these officers daily took from this particular drawer the writs they found in it, as one of the deputies testified they did, that these facts should have been admitted as evidence tending to show that the writ was delivered to the constable not later than December 6th, and in time to keep alive plaintiff's lien.

The judgment is reversed and remanded. *Reyburn* and *Goode, JJ.,* concur.