MISSOURI GRANITOID COMPANY, Respondent, v. G. H. GEORGE et al., Defendants; WILLIAM E. MORSCHEL et al., Appellants.

St. Louis Court of Appeals. Submitted on Briefs October 3, 1910. Opinion Filed October 24, 1910.

1. MECHANICS' LIENS: Justices' Courts: Jurisdiction in City of St. Louis: Notice. Under section 7617, Revised Statutes 1909, justices of the peace in the city of St. Louis are vested with jurisdiction to enforce a mechanic's lien; and section 7751, Revised Statutes 1909, requiring notice of the time, and the justice before whom, the action is to be brought to be filed with the circuit clerk, is applicable to actions instituted in justices' courts in said city.

2. STATUTES: Construction: Consequences. Statutes should not be construed so as to pervert their very object.

3. MECHANICS' LIENS: Justices' Courts: Time of Filing Statement: Docket Entries: Evidence. Although it is the duty of a justice of the peace, before whom mechanics' liens proceedings are instituted, to find that the petition was filed within the time specified in the notice contemplated by section 7751, Revised Statutes 1909, his docket entries, including the judgment, are not even prima facie evidence of whether the statement was filed within the time specified in the notice, and hence, on appeal to the circuit court, it may be shown by evidence *aliunde* that the statement was filed with the justice within the time specified in the notice, notwithstanding contrary recitals in the transcript of the justice's docket.

4. ———: ———: ———: Omissions of Justice or Constable. If the statement filed in mechanics' liens proceedings before a justice of the peace was in fact lodged with him for filing

on the date named in the notice given pursuant to section 7751, Revised Statutes 1909, the failure of the justice to actually file or docket the statement when it is lodged with him, or any inadvertence of the constable serving the process, will not be allowed to prejudice the action.

Appeal from St. Louis City Circuit Court.—*Hon. Matt. G. Reynolds,* Judge.

AFFIRMED AND REMANDED.

*Geo. W. Lubke* and *Geo. W. Lubke, Jr.,* for appellants.

(1) The jurisdiction of a justice of the peace to enforce a claim of mechanic's lien is special and every requisite to its exercise must appear on the face of the record. Heimberger v. Harrison, 83 Mo. App. 544; Ruckert v. Richter, 127 Mo. App. 668. No presumption will be indulged in favor of the jurisdiction of a justice of the peace. Bick v. Lanham, 123 Mo. App. 268; State v. McCord, 124 Mo. App. 68. (2) The filing of notice in the office of the clerk of the circuit court, stating the date when and the justice of the peace before whom suit will be brought to enforce a claim of mechanic's lien, is a jurisdictional fact. R. S. 1899, sec. 3893. And the record must show the suit to have been brought on the date specified in the notice filed with the clerk. Ewing v. Donnelly, 20 Mo. App. 6; Schroeder v. Mueller, 33 Mo. App. 28; Wise v. Loring, 54 Mo. App. 264; McDonnell v. Nicholson, 67 Mo. App. 408; Fabien v. Grabow, 134 Mo. App. 193. (3) The justice, having acquired no jurisdiction of this case, the circuit court acquired none on appeal. Bank v. Doak, 75 Mo. App. 336; Fabien v. Grabow, 134 Mo. App. 193. (4) The findings of Justice Pfeffle and his judgment are not evidence of the facts therein recited, because his judgment was vacated by the appeal to the circuit court. Lee v. Kaiser, 80 Mo. 431; Earl v. Hart, 89 Mo. 263; Holdridge v. Marsh, 28 Mo. App. 283.

*William S. Campbell* for respondent.

(1) The jurisdiction of a justice of the peace to enforce a mechanic's lien is sufficiently shown, if the facts necessary to confer jurisdiction appear by some part of the record of their proceedings. Wissman v. Meagher, 115 Mo. App. 82; Sappington v. Lenz, 53 Mo. App. 44; State v. Schneider, 47 Mo. App. 669; State v. Cauthorn, 40 Mo. App. 94. (2) If the petition is actually filed within the time prescribed in the notice, and with the justice named therein, it is sufficient, although the summons may have been issued at a later date, it not being essential that the summons issue on the date of filing. McDonnell v. Nicholson, 67 Mo. App. 408. The filing of a paper is its actual delivery to the officer, whose duty it is to file it without regard to any action he may take thereon, and the true date of the act may be shown without any filing mark. Grubbs v. Cones, 57 Mo. 83; Collins v. Kammann, 55 Mo. App. 464; Bensley v. Haeberle, 20 Mo. App. 648. An ambiguous entry in a justice's docket ought to be construed, if it can be, so as to uphold his judgment. Roach v. Montserratt Coal Co., 71 Mo. 398. (3) It is a well-settled principle that, where the jurisdiction of the court depends upon a fact which the court is required to assert and settle by its decision, its decision is conclusive against collateral attack. Shanklin ex rel. v. Francis, 67 Mo. App. 457.

STATEMENT.—This action was begun before a justice of the peace of the fourth district of the city of St. Louis, to establish a claim for a mechanic's lien against the property of William E. and Minnie K. Moerschel, owners, for an alleged indebtedness arising for material furnished and work and labor done and which it is claimed entered into the construction of the building on lots described, located in that city, the material being furnished and the work and labor done, as

it is alleged, at the instance of one George, principal contractor with the owners for the erection of the building.

The petition filed with the justice, after setting out proper averments as to the contracts, performance, value, ownership, etc., and of giving to the owners notice in writing of the claim against the premises as required by statute, and avering the filing with the clerk of the circuit court of the city of St. Louis of the account with a true description of the property and the names of the owners and contractor, all verified and in accordance with statute, then avers that on the 27th of December, 1907, plaintiffs filed in the office of the clerk a notice stating that plaintiff would, on the 9th day of January, 1908, institute suit for the purpose of enforcing the payment of the indebtedness set out in the account, before the justice of the peace within and for the fourth district of the city of St. Louis, Missouri, giving the location of his office in that city. Judgment is prayed for the debt and interest and that it be declared a lien on the property. The owners filed no written answer, but the contractor filed a counterclaim. In the transcript of the justice's docket, as set out in appellants' abstract, this appears: "Statement of cause of action filed and summons issued to Constable Wm. E. May on the 10th day of January, 1908, returnable the 28th day of January, 1908, at 7 o'clock a. m. Summons returned duly served by Constable Wm. E. May this 28th day of January, 1908." It is stated in the abstract that the summons bears no return by the constable nor any notation upon it as to when it was received by him. It further appears by this abstract that among the files of the case before the justice of the peace before whom the suit was instituted is this: "Entry of appearance by the defendants: St. Louis, 1-13-07. In suit of Mo. Granitoid Co. v. G. H. George, William Moerschel and Minnie Moerschel. We hereby accept service of said suit.

Wm. Moerschel also as agent of Minnie Moerschel."
(Signed), "Wm. Moerschel. G. H. George." Then
follow in the transcript various entries of continuances
of the case until April 3d, when the defendant George
filed his affidavit praying a change of venue and the
venue was changed to the justice of the second district.
The transcript of the docket of the justice of the sec-
ond district shows issue and service of notice of change
of venue and various continuances of the cause until
the 29th day of April, 1908, on which latter day it is set
out that plaintiffs and defendant appeared by their
attorneys, as well as in person, and the defendant
George filing a counterclaim, the case was tried by the
justice, who found for the plaintiffs and against the
defendant for $154 and against the defendant George
on his counterclaim, further finding that the defend-
ant George was erecting the building under contract
with the owners, etc. It is also recited in the judgment
of the justice who tried the case, that the justice found
that the plaintiffs did, on January 9, 1908, "file their
account and statement of cause of action herein and
commenced this suit." From this judgment the Moer-
schels, as owners of the property, appealed to the cir-
cuit court. There, on the case being called for trial
and a jury impanelled, the appellants moved to dis-
miss the case for want of jurisdiction in the justice, it
being contended that by the notice filed with their claim
for the lien, plaintiffs, respondents here, had stated
that they would, on the 9th day of January, 1908, in-
stitute suit for the purpose of enforcing the payment
of the indebtedness set out in the account and to en-
force their claim for a mechanic's lien before the jus-
tice of the fourth district, St. Louis, while it appeared
by the transcript of the docket of that justice that the
statement of the cause of action in the suit was filed
and summons issued to the constable on the 10th of
January, 1908. The court indicating that it would sus-
tain this motion, counsel for plaintiffs below, respond-

ents here, asked leave to introduce evidence to show
when the petition was actually filed with the justice.
The court denied this and discharging the jury, sus-
tained the motion to dismiss. Afterwards, and in due
time, plaintiffs below filed their motion to set aside
this order and judgment of dismissal, on the grounds
that the court erred in dismissing the cause for want of
jurisdiction in the justice; that the court erred in not
allowing plaintiffs to show that the petition and state-
ment of the cause was filed before the justice on the
day specified in the notice filed in the office of the clerk
of the circuit court, and that it erred in dismissing the
cause for want of jurisdiction, because, as it is averred
in the motion, the transcript of the justice before
whom the cause of action was brought does show that
the suit was instituted on the day specified in the no-
tice filed in the office of the clerk of the circuit court
in the city of St. Louis. The court sustained this mo-
tion, set aside its order of dismissal and ordered the
cause reinstated. From this latter order the defend-
ants Wm. E. and Minnie K. Moerschel duly perfected
their appeal.

REYNOLDS, P. J. (after stating the facts.—The
action of the learned trial judge in dismissing the case
on the grounds stated in the motion to dismiss was
evidently taken inadvertently and was properly set
aside by him.

Our statute, section 6519, chapter 91, article 22, Re-
vised Statutes 1899, now section 7617, chapter .65, ar-
ticle 9, Revised Statutes 1909, provides that justices
of the peace in cities with 300,000 inhabitants or over
"shall have jurisdiction in all actions brought to en-
force mechanics' liens, as provided by law for enforc-
ing such liens in the circuit court, when the amount of
balance claimed to be due does not exceed $500," and
that "all existing provisions of law now applicable to
justices of the peace and the practice and procedure

in their courts shall be applicable in all respects to the justices elected under this article.'' Clearly then they are vested with jurisdiction over the cause of action, to-wit, the enforcement of a mechanic's lien. Section 3893, Revised Statutes 1899, now section 7751, Revised Statutes 1909, requiring a notice of the time when and justice before whom the action is to be brought, is therefore applicable to actions before justices of the peace to enforce mechanics' liens in the city of St. Louis.

It has been held by this court in McDonald v. Nicholson, 67 Mo. App. 415, that it is sufficient, in a suit to enforce a mechanic's lien, that the statement or petition is actually filed within the time prescribed in the notice and with the justice named therein. This we hold to be the correct rule. It is true that our court, interpreting section 3850, Revised Statutes 1899, section 7410, R. S. 1909, has held, in several cases, that an action is said to have been commenced before the justice at the time of issue of the summons to the constable. [Heman v. Larkin, 99 Mo. App. 294; 73 S. W. 218; Hornsby v. Stevens, 65 Mo. App. 185; Rosenthal v. Windensohler, 115 Mo. App. 257; 91 S. W. 432; Fabien v. Grabow, 134 Mo. App. 193; 114 S. W. 80.] Hornsby v. Stevens was an action to recover the value of services. In the Fabien case, which was on a mechanic's lien, and which referred approvingly to the Hornsby case, the precise point here at issue was not in judgment. Rosenthal v. Windensohler was a suit by attachment. Heman v. Larkin was on a special taxbill. These cases correctly interpret the law applicable to cases generally. We do not think that the same interpretation should be applied to cases instituted under the mechanics' lien law before justices of the peace. Notwithstanding what is said in these other cases on this point, we reiterate and follow what is held in McDonald v. Nicholson, supra, as applicable to suits instituted before a justice to enforce a mechanic's lien.

Statutes are not to be construed so as to pervert the very object aimed at. It is obvious that the object of requiring that notice of when and where a mechanic's lien suit was to be instituted, should be lodged somewhere of record, accessible to the public and parties examining titles to real estate, when the action is to be before a justice of the peace, was to enable such parties to follow up the steps taken in the action. There are many justices, especially in large cities. To require an eye to be kept on their dockets to ascertain what cases are there pending, affecting titles to realty would be unreasonable. Hence the lien notice must be filed with the clerk of the circuit court with whom the lien claim is filed, to enable the interested public to follow up all proceedings under the lien. [Ewing v. Donnelly, 20 Mo. App. 6.] The searcher can then resort to the office of the justice named, on or after the day named, to ascertain if action has been there commenced; to see if a statement seeking enforcement of the lien against the property has been filed. That is all that concerns him. When he has knowledge of this, the object aimed at by the statute is accomplished. The defendants are not concerned in this. The notice filed with the circuit court does not bring them into court. They are only in court by service of summons or voluntary appearance. The rights of a claimant to the lien are not to be lost because the justice delays in issuing the summons and passing it on to the constable in due time, or because wrong dates are given, or endorsements entirely omitted; such a construction would pervert the very object of the law.

Whether the petition was filed in time was not a matter to be shown by the transcript and surely the transcript was not conclusive as to that fact. As was said in Fabien v. Grabow, supra, l. c. 198, "Justices of the peace are required to make certain entries on their dockets (R. S. 1899, sec. 3844), and are also re-

quired, when appeals are taken, to file in the office of the clerk of the circuit court having appellate jurisdiction, a transcript of all entries on their dockets relating to the cases appealed, together with the process and other papers. [R. S. 1899, sec. 4069.] Their docket entries are evidence of the facts they are required to record, and of no others. [Brown v. Pearson, 8 Mo. 159; Farmer v. Hunter, Id. 512; Heman v. Larkin, 99 Mo. App. 294; Carpenter v. Roth, 192 Mo. 652.]'' We know of no statute which requires a justice of the peace in any case, to recite in his docket the time the petition is filed. His entries in his docket of the time of issue or delivery of the writ are not evidence of that fact. [Heman v. Larkin, supra, l. c. 299.] It was his duty to find that the petition was filed within the time specified in the notice; but that was a question of fact like any other fact in the case, to be tried de novo upon appeal to the circuit court. While it is the better practice to set out the fact of filing the notice required by section 3892, in the statement filed with the justice, as was done in the case at bar, it is not necessary that this be done. [Wissman v. Meagher, 115 Mo. App. 82, l. c. 87, 91 S. W. 448.] Being a fact not required to be shown on the record, it could be shown only by evidence aliunde to be produced by the party bound to show jurisdiction. Again quoting from the Fabien case, supra: ''An issue was raised in the circuit court as to this matter, and thereby said court was called on to find the truth; being neither bound by the recital in the justice's transcript, nor allowed to consider the recital as evidence. It was hearsay; for writing it on the docket was gratuitous and not done in obedience to law.''

Granting that by the entry made by the justice before whom the suit was instituted, he means to recite that it was docketed by him the 10th of January, our court has held in the Heman Case, supra, that this entry may be impeached, citing Gott v. Williams, 29

Mo. 461. Our Supreme Court has held in the case of Grubbs et al. v. Cones et al., 57 Mo. 83, that an endorsement required to be made by the clerk when he receives a paper does not constitute the filing of that paper; that the filing is the actual delivery of the paper to the clerk without regard to any action that he may take thereon. "If the clerk commits a clerical error, or makes a mistake in reference to the time at which he received the paper, that will not make any difference. He may endorse upon it the wrong date or an impossible date and still the real date of the filing will be the same." It is further held in that case that while the endorsement by the clerk will be prima facie evidence of the date, it is competent to show that he erred in the matter of the date. We see no reason why this does not apply even to those entries required to be made by the justice. As was also held in the Fabien case, the file marks on the notice of the suit itself and the summons do not prove the essential fact that the notice was filed before a summons passed to the constable.

It follows that the docket entries and recitals, including the judgment, were not conclusive or even prima facie evidence of whether the petition or statement was filed within the time specified in the notice, and the circuit court was right in setting aside its order dismissing the action and reinstating the case, so that respondent may prove, if it can by evidence *aliunde*, that it has duly filed with the circuit clerk the notice required by section 3895, Revised Statutes, 1899, and that it filed its petition or statement with the justice within the time specified in said notice. If it is within the power of the plaintiff here to prove that the statement was in fact filed with the justice named, on the date named in the notice filed, it should be allowed to do so. If it establishes that fact, then it should not be defeated in its claim by any error, mistake or oversight of the justice or constable. The cru-

cial fact in a suit to enforce a mechanic's lien before a justice of the peace, is, when was the statement lodged with him for filing and docketing? His failure to file or docket at the time when the statement is lodged with him, and to thereupon issue process, if one is required, should prejudice no one.

The judgment of the circuit court in setting aside the dismissal and reinstating the case is affirmed, and the cause remanded to the circuit court for further proceedings in due course of law. *Nortoni, J.,* and *Caulfield, J.,* concur.

