GEORGE W. BUDDE, Respondent, v. UNITED STATES INCANDESCENT LAMP COMPANY Appellant.

St. Louis Court of Appeals. Argued and Submitted December 6, 1915. Opinion Filed January 4, 1916.

1. APPELLATE PRACTICE: Review of Instructions: Necessity of Exception. Instructions are not reviewable, on appeal, unless an exception thereto was saved by the complaining party.

2. NUNC PRO TUNC ENTRIES: Necessity of Documentary Evidence. A *nunc pro tunc* entry must be founded upon evidence furnished by the papers or files in the case, or something of record.

3. ————: ————: **Briefs of Counsel.** As briefs of counsel presented to the trial court are not papers which the law requires to be filed, they do not, even if marked filed, become part of the files and records in the case, and hence do not furnish evidence upon which an order amending the bill of exceptions *nunc pro tunc* may be based.

4. **COURTS: Records: "Judgment Roll."** Briefs of counsel presented to the trial court, even if marked filed, are no part of the "judgment roll," within Secs. 3852, 3853, 3854, R. S., 1909, providing for making up the "judgment roll."

5. **APPELLATE PRACTICE: Review: Necessity for Exception.** Objection without exception saves nothing for review, on appeal.

6. **MASTER AND SERVANT: Dual Capacity Doctrine.** The Dual Capacity Doctrine obtains in this State.

7. ————: **Injury to Servant: Concurrent Negligence of Master and Fellow Servant.** The master is liable for injuries to a servant, where the injuries are due to the negligence of the master and a fellow servant.

8. ————: ————: ————: **Contributory Negligence: Sufficiency of Evidence.** In an action by a servant for personal injuries received by reason of the explosion of gasoline vapor generated in the room in which he was working, *held*, under the facts stated in the companion case of Bryan v. Lamp Co., 176 Mo. App., 716, that the evidence was sufficient to warrant a finding that defendant sent plaintiff into a dangerous place to work, and hence a verdict for plaintiff could be sustained, even though it were true that the negligence of a fellow servant contributed to cause the injury, since the master is liable for injuries resulting from the concurrent negligence of himself and a fellow servant of the injured employee; *held, further*, under the evidence, that the question of plaintiff's contributory negligence was for the jury.

9. ————: ————: **Negligence of Fellow Servant: Instructions.** In an action by a servant for personal injuries, where defendant claimed that the accident was caused by the negligence of a fellow servant, an instruction, given on behalf of defendant, that although plaintiff was subject to the orders of such alleged fellow servant, yet if there were times when both worked together, in the same manner, performing like services, each in view of the other and with full opportunity of seeing how the other did such work, they were, as to such work, fellow servants, in which case if plaintiff received his injuries solely through the negligence of such other servant or through their joint negligence, there could be no recovery, was as favorable to the master as the law warrants.

Appeal from St. Louis City Circuit Court.—*Hon. Wilson A. Taylor*, Judge.

AFFIRMED.

*A. & J. F. Lee* and *James A. Waechter* for appellant.

(1) Defendant's instruction of nonsuit should have been given, because: (a) The evidence established, without conflict, that Bryan and plaintiff were fellow servants. Robinson v. Railroad, 133 App. 117, and cases therein cited; Parker v. Railroad, 109 Mo. 362, 419; Koerner v. Car Company, 209 Mo. 153. (b) The Dual Capacity Doctrine is established in Missouri. Fogarty v. Transfer Co., 180 Mo. 507. (c) Plaintiff was guilty of contributory negligence. Collett v. Kuhlman, 243 Mo. 591. (2) Plaintiff's instruction No. 1 is erroneous, because: (a) It is vague and indefinite in that it omits entirely to define the true issues in the case. Bryan v. Lamp Co., 176 Mo. App. 729; McManamee v. Railroad Co., 135 Mo. 447; James v. Railroad Co., 107 Mo. 405; Allen v. Transit Co., 183 Mo. 411. (b) It is broader than the petition. Diagonia v. Railroad, 224 Mo. 564; Crow v. Railroad, 212 Mo. 610; Black v. Railroad, 217 Mo. 672, 685; Davidson v. Railroad, 211 Mo. 320; Hufft v. Railroad, 222 Mo. 286; Beave v. Transit Co., 12 Mo. 331, 352; Rosco v. Railroad Co., 202 Mo. 576, 578; Kirkpatrick v. Railroad, 211 Mo. 83, 86; Reading v. Railroad, 165 Mo. App. 131. (c) It did not require the jury to find that the gas flame caused the explosion. Harper v. Railroad, 187 Mo. 575, 586. (d) It is not based on the evidence. Diagonia v. Railroad, 224 Mo. 564, 589; Fuchs v. City of St. Louis, 167 Mo. 620. (e) It erroneously defines "reasonably safe place." (f) It was confusing and misleading.

*Kinealy & Kinealy* for respondent.

(1) The action of the court in refusing defendant's requested instructions to find for the defendant is not open for review here because appellant has not abstracted all the evidence. Fronk v. Fronk, 159 Mo. App. 543; Letts v. Railroad, 131 Mo. App. 270, 281; Phelps v. Zinc Co., 218 Mo. 572. (2) Said instructions were properly refused because: (a) Bryan and Budde were not fellow servants. (b) Even if they were, defendant would still be liable if its negligence co-operated with that of the fellow servant in causing the injury. Radtke v. Basket & Box Co., 229 Mo. 1. (c) There is no evidence of contributory negligence on the part of plaintiff. (3) The action of the court in giving instruction No. 1 is not open for review because: (a) The record does not show that that instruction was not given at the request or by consent of defendant and the burden is on it to point out error free of its participation. Whiteaker v. Railroad, 252 Mo. 438; Morts v. Powell, 176 Mo. App. 124; Perry v. Sedalia, 168 Mo. App. 235; Rankin v. Railroad, 150 Mo. App. 32. (b) No exception was saved to the giving of said instruction. Kolokas v. Railroad, 223 Mo. 455; Montague C. A. Co. v. Fulton, 166 Mo. App. 11; Berkbiegler v. Railroad, 164 Mo. App. 441. (4) Instruction No. 1 given by the court is correct.

REYNOLDS, P. J.—Preliminary to a consideration of the case on its merits, it is necessary to pass upon a question which arose over the abstract prepared and filed by appellant. After the abstract was filed, respondent in due time filed objections to it, claiming that it did not appear that the testimony was set out in full; then, that it appeared in the abstract that instructions numbered 1, 2 and 3 had been given at the instance of plaintiff, and that defendant had excepted to the giving of these three instructions;

that instructions numbered from 1 to 12, both in-
clusive, appeared in the abstract as having been given
at the instance of defendant; that instruction number-
ed 13 appeared in the abstract as having been given
by the court of its own motion, and that defendant had
excepted to the giving of it; whereas, as claimed by
respondent, the thirteen instructions given were set
out together in the bill of exceptions on file and were
numbered *seriatim* from one to thirteen inclusive,
without any notation showing at whose instance any
were given, and no exception whatever appeared in
the bill of exceptions as having been taken to the act-
ion of the court in giving either or any of these in-
structions.    Counsel for appellant thereupon asked
that the cause be passed that it might be given an op-
portunity to apply to the trial court for a correction of
the bill of exceptions.   Respondent making no objec-
tion, time was granted appellant to make the applica-
tion in that court accordingly.   This application for
correction of the bill of exceptions was made in the
trial court, and there heard and overruled, from which
action defendant appealed, that appeal being case No.
15089.

By agreement of counsel we advanced the latter
appeal and heard it along with the appeal in No. 14120,
the latter being on the case on its merits.

It is therefore necessary to first consider the ap-
peal from the action of the trial court in refusing to
allow the amendment to the bill of exceptions.  If that
action is correct, the propriety of the action of the
court in giving any of the instructions, is not open to
us, it neither appearing in the bill of exceptions at
whose instance the several instructions were given,
nor that exception was saved to the giving of any.

It is well to state here, that at the argument of
the case, counsel for respondent, having his atten-
tion called to Rule 11 of our court, did not press the
objection that the bill of exceptions failed to state, in

so many words, that it "contained all the evidence introduced in the case."

In the circuit court the motion for the correction of the bill of exceptions *nunc pro tunc,* which motion was verified by one of the counsel in the cause, was read in evidence. It is averred in this motion that the bill of exceptions, as it now exists, is not a true and correct transcript of the proceedings had in the trial of the cause in the court, in that it failed to show at whose instance the several instructions were given, and in that it appears by the files in the case that when the judge of the court was considering the defendant's motion for a new trial, and before the court overruled that motion, plaintiff and defendant filed with the court their respective arguments in favor of and against the granting of a new trial in the cause, and that it appears by those briefs that instruction No. 1 was given in the cause at the instance of plaintiff, and that plaintiff admitted by implication in his brief, that instruction No. 1 was so given, and contended that it was properly given and that defendant had objected to it as error, and that both parties admitted thereby, in this cause, "by implication, the fact that the said instruction was objected to and an exception was saved to the giving thereof by the defendant at the time the same was given; and that said instructions Nos. 2 and 3 were likewise given at the instance of plaintiff and over the objection and exception of defendant, made and duly saved at the time said instructions were given;" that these briefs ever since the motion for a new trial was under consideration, have remained among the files of the court "and constitute a part of the papers or files of said cause, and are papers and files in this cause which furnish a proper basis for the *nunc pro tunc* entries sought herein." Other averments, not here deemed material, are in the affidavit of counsel.

At the hearing of the motion, defendant also introduced the original instructions numbered 1 to 13, both inclusive, each marked by the judge of the court "Given." It appeared that all but one (the 13th) are typewritten and on separate sheets of legal cap, No. 13 being printed and being the stereotyped instruction as to the number of jurors necessary to concur in a verdict. It appeared that instructions 1, 2 and 3 were without heading and in purple ink, while Nos. 4 to 12, both inclusive, are on another brand of paper, typewritten in black, and each headed, "Instructions to the Jury." The thirteen instructions given are all attached together and the package indorsed by the clerk of the court as filed April 29, 1913. The briefs of counsel on the motion for new trial were also offered and received in evidence, neither brief, however, is marked as having been filed, although they appear to have been left among the papers in the case.

The motion for new trial in the main case was read in evidence, which, among other things, assigns as a ground that the court erred in "the instructions given to the jury of its own motion," and that the court erred "in the instructions given to the jury at the instance of plaintiff." The brief signed by counsel for plaintiff appears to be in answer to a brief by appellant on the latter's motion for a new trial, and defends instruction marked No. 1 as correct, and concludes with the statement that defendant had asked and the court had given at its request, "a whole mass of instructions in this case," and states that "even if there were any omissions in plaintiff's instruction, which there was not, yet it would have to be read in connection with those given for defendant." Defendant also introduced in evidence the memorandum of its counsel in support of the motion for new trial on the main case, which memorandum was with the files in the case, and particularly criticizes the first instruction

given, and claims that counsel for plaintiff had im-
pliedly admitted in his oral argument that this in-
struction No. 1 is erroneous. Defendant's counsel in
offering these briefs and memorandum in evidence
stated in open court that the briefs had been submitted
to the court for its consideration when the motion for
new trial was under consideration by the court. These
briefs were objected to by counsel for plaintiff on the
ground that briefs were no part of the files or mem-
oranda in a case, not, however, denying that the
briefs had been submitted to the court, as it is said.
This objection was overruled, plaintiff excepting.
Defendant thereupon offered in evidence the original
bill of exceptions, reading so much of it as it deemed
relevant, namely, "Thereupon the court gave and
read to the jury the following instructions, to-wit:"
The abstract now before us then proceeds: "Here
follow said thirteen instructions set out in said ab-
stract in case No. 14,120, without any statement as to
on whose behalf or on whose motion said instructions,
or any of them, were offered. Said bill of exceptions
does not recite any objection or exception on the part
of the defendant to the giving of either of said thir-
teen instructions." During the hearing on the motion
counsel for defendant asked counsel for plaintiff in
open court whether he admitted that he, as counsel for
plaintiff, offered instructions numbered 1, 2 and 3,
at the trial of the case. Counsel further asked that
counsel for plaintiff if he denied that he had so offered
said instructions. That counsel was also asked by
counsel for plaintiff if he admitted that counsel for
defendant had offered instructions 4 to 12 inclusive.
That counsel was further asked in open court by coun-
sel for defendant if he denied that counsel for de-
fendant had offered instructions 4 to 12, both inclus-
ive, and further asked that counsel if he denied the
court giving instruction 13 of its own motion, and

further asked that counsel if he denied that the court gave instruction No. 13 if its own motion.    To all these requests counsel for plaintiff said that he "had nothing to say about them."

At the end of the hearing, as before noted, the court entered an order to the effect that "the court having heard and duly considered the defendant's verified motion heretofore filed and submitted herein; to correct and amend defendant's bill of exceptions in this cause, by *nunc pro tunc* entries thereof, as of date October 3, 1913, and being now fully advised of and concerning the same, doth order that said motion be, and the same is hereby overruled." To this counsel for defendant duly excepted.

In the view we take of this effort to correct the original bill of exceptions by *nunc pro tunc* entries, we think it is entirely immaterial to determine at whose instance any of the instructions were asked or at whose instance they were given.  It stands admitted that no exceptions appear in the bill of exceptions to the giving of any of these instructions.  That being so, it is entirely immaterial who asked them—at whose instance they were given.   But learned counsel for appellant undertakes to overcome this difficulty by showing by the matter set out in the briefs, which it appears were submitted to the court in considering the motion for a new trial on the main case, that on the part of defendant this instruction No. 1 was attacked and that instruction defended by counsel for respondent.   It is also claimed that as it appears by the motion for new trial, filed in the main case, that the action of the court in giving instructions of its own motion and in giving the instructions at the instance of plaintiff was challenged, this is sufficient matter of record to warrant an entry showing which instructions were given at the instance of plaintiff, and which by the court of its own motion, and that exception had

been duly saved by defendant to this action of the court. While the court admitted all of the testimony offered by defendant, it evidently did not consider it of sufficient force to warrant the amendment of the bill.

A very strong case and a leading one in our State on the right of the court to make *nunc pro tunc* amendments is that of Missouri, Kansas & Eastern Railway Co. v. Holschlag, 144 Mo. 253, 45 S. W. 1101. That case passed upon the admissibility, or, more properly, the effect, of a notation of a date of filing an opinion in the case made on that written opinion by the clerk. There it is held that such opinion was not of the record proper of the case, and could not be considered as sufficient to justify any *nunc pro tunc* entry, the point being as to whether the motion for new trial had been filed in due time.

There have been many decisions by the Supreme Court and by the Appellate Courts of our State as to the power of the trial court to make amendments *nunc pro tunc*. Thus in Coy v. Landers, 146 Mo. App. 413, l. c. 416 to 426, 125 S. W. 789, in a full discussion of the power of the trial courts to make such amendments, it is held that they can be made only upon evidence furnished by the papers and files in the cause or something of record, or in the minute book or judge's docket, as a basis by which to amend.

Probably the last decided case is by our own court in Thaler v. Niedermeyer, 185 Mo. App. 250, 170 S. W. 383. In that case the entry on the records of the court by the clerk showed the fact of instructions given by the court, and it was noted that to this action of the court in giving the instructions, plaintiff then and there duly excepted. Reviewing many decisions on the subject, our court concludes (l. c. 255) with the statement: ''But the settled rule, reiterated in these and other cases, recognizes that such *nunc pro tunc* entries

may properly be made from evidence furnished by the clerk's entries in the court's records, made at the time in question. Here the clerk's entry, in the record of the very judgment or order itself, recites the very fact which plaintiff seeks to have entered in the bill of exceptions, *nunc pro tunc.*" After referring to the argument made that no duty rested upon the clerk to make such an entry in the record, our court concludes that "there can be no doubt that the record entry here in question is an entry of record in the cause, and solemnly records the happening of the very thing which plaintiff now seeks to have the bill of exceptions show," and we concluded that that was sufficient to allow the amendment. We have no such proposition here; no entry of record as to any exceptions saved to the giving of these instructions by anybody; no papers of the files proper from which it can be determined at whose instance any instruction was given or that exception was saved to giving it.

We are aware that there are many cases, of which Grubbs et al. v. Cones et al., 57 Mo. 83, is a sample and a leading case, which hold that the failure of the clerk to indorse the date and fact of filing a paper, is held to be a mere clerical omission, not estopping a party from showing the fact and date of filing. But an examination of every one of them shows that this is held as to papers which the law requires to be filed and which when filed become part of the files and records of the case. [See, for example, Missouri Granitoid Co. v. Morschel, 150 Mo. App. 650, 131 S. W. 470, and cases there cited. See, also, Becher v. Deuser, 169 Mo. 159, l. c. 164, 69 S. W. 363.] In none of them is there any suggestion that briefs of counsel fall within this rule.

The briefs of counsel, even if marked filed—and that is not the case here—are in no sense parts of the record. Our statute (Revised Statutes 1909, sections

3852, 3853 and 3854) provides, for making up what is called the "judgment roll" (see Tutt v. Couzins, 50 Mo. 152); these sections being what were sections 7 to 9, pp. 419-420, Wag. Stat. 1872. No one would pretend that briefs were, under those sections, of the "judgment roll."

The fact that counsel on either side of the case argued *pro* and *con* on the propriety of an instruction by no means establishes the fact that exception was duly saved to the giving of that instruction. That is hardly sufficient to show at whose instance the instruction was given, although morally, not legally, we may be satisfied that counsel would hardly argue against an instruction which he had himself asked, or that opposing counsel would attempt to argue the correctness of an instruction given at the instance of his adversary. Our reports, both Supreme and Appellate, are full of cases in which counsel have argued at great length on the propriety of the ruling of the court on the admission or exclusion of testimony, or the giving or refusal of instructions, and have assigned the action of the court on these matters on motion for new trial. But it has often turned out, on investigation of the record, that inasmuch as no exception had been saved to the ruling complained of, it was not before the appellate court for examination. That is equally applicable in the trial court. It does not follow that in that court, any more than in our court, that because counsel argued for or against the particular proposition that exception had been duly saved to the action of the trial court on that. Furthermore, granting that counsel did object to a given instruction, that is not sufficient. Objection without exception saves nothing. It follows that it is impossible for us to hold that any of these instructions are before us as having been challenged. We must treat all of them as having been acceded to by the respective coun-

sel in the case, in so far as any record which we can consider is concerned. The action of the trial court in this case, in refusing to make the corrections asked for by learned counsel for appellant in the original bill of exceptions, was correct.

## ON THE MERITS OF THE CASE. (No. 14120).

The facts in this case, so far as concerns the accident, are sufficiently set out in the report of the case of Bryan v. United States Incandescent Lamp Co., 176 Mo. App. 716, 159 S. W. 754, so that we do not think it necessary to repeat them here any further than to meet the points now relied upon for a reversal.

The plaintiff here was severely burned as the result of the fire which followed the explosion on the occasion referred to, and there was testimony tending to show that he was permanently disabled in one hand as the result of the burns which he then received. At the time he was an employee of defendant, engaged at its establishment in doing electrical work. His immediate superior was one Bryan, a Mr. Ferguson being over both of them, and at the time of the explosion which resulted in his being burned, he was engaged in some work connected with the apparatus located and being operated in the room in which the explosion and fire occurred.

At a trial before the court and a jury, the verdict was rendered in his favor in the sum of $5000. Judgment followed, and defendant, interposing a motion for new trial and saving exception to that being overruled, duly appealed to our court.

It follows from what we here have held on the failure of the effort to amend the bill of exceptions, that this case is before us without the instructions which were given in the cause open to review. They must be accepted as having been given without ob-

jection or exception. Hence the error assigned by learned counsel for appellant to that instruction No. 1 cannot be considered.

Error is assigned by learned counsel for appellant in that an instruction for a nonsuit asked by plaintiff at the close of plaintiff's case and again at the close of all the evidence in the case was not given, it being contended, that the evidence established without conflict that Bryan and plaintiff are fellow servants; that the Dual Capacity Doctrine is established in this State.

Taking up this assigned error, a careful reading of the evidence does not lead us to the conclusion arrived at by the learned counsel for appellant, that the evidence shows without conflict that plaintiff and Bryan were fellow servants. The jury had before them the testimony as to the respective duties of these two employees of defendant, and even conceding that there is a conflict as to that, there was substantial evidence to show that plaintiff was the subordinate in his employment and in his duties to Bryan. It is true that in some of the work in which they were engaged, they were participants in the doing of the work, sometimes one doing it and sometimes the other; but there is substantial evidence to the effect that in the work plaintiff was doing at the time of the accident he was engaged under the immediate direction of Bryan and did not occupy the position of a fellow servant. It is true that in our jurisprudence the Dual Capacity Doctrine is established (as see Fogarty v. St. Louis Transfer Co., 180 Mo. 490, l. c. 507, 79 S. W. 664), but it is also the settled law of our State that the employer is liable where the injuries sustained are due to the negligence of the employer and a fellow servant. As was said by our Supreme Court in Radtke v. St. Louis Basket & Box Co., 229 Mo. 1, l. c. 15, 129 S. W. 508, "If there was negligence upon the part of the master in sending plaintiff into an

unsafe and dangerous place to work, and this negligence, together with that of a fellow servant, produced the injury, and such injury would not have resulted except for the combined negligence of the master and the fellow servant, the master is still liable.''

That this plaintiff was directed and that his duties called him to perform this particular work in this particular place at that time by the employer, and that it was an unsafe place, in the condition in which it was, appear as facts in evidence in this case. Hence, primarily, the negligence of the employer in sending the employee into an unsafe place to work does not exculpate the employer from liability, even if Bryan was in some respects a fellow servant in that employment at that time and place. Therefore, on the evidence in this case, we cannot hold, as a matter of law and as contended for by learned counsel for appellant we should, that Bryan and plaintiff were fellow servants. That was a fact for the determination of the jury under the evidence and under proper instructions, and we find that the jury were distinctly and properly instructed by the court on that point. Thus the court instructed the jury that even though they found from the evidence that plaintiff was subject to the orders of William E. Bryan when performing his duties with respect to the business or operations. which were carried on in the room in which plaintiff received his injuries sued for in this case, ''yet if you further find and believe from the evidence that there were, parts of the business therein carried on, or services therein performed, at which they both worked together in the same manner, performing like services, each in view of the other and with full opportunity of seeing how the other did such parts of such work in said room, the plaintiff and said Bryan were fellow servants in the carrying on of such parts of the business, and therefore, if you find and believe

from the evidence that the injuries to plaintiff were the direct result solely of the negligence of said Bryan, whilst engaged in such parts of the business, or the result solely of the joint negligence of said Bryan, whilst so engaged, and the plaintiff, then, in either of these events, plaintiff cannot recover in this action and it is your duty to find your verdict in favor of defendant.''

Certainly that instruction is as favorable to the defendant as it could possibly have asked, and the question having been so distinctly put to the jury its finding is conclusive on us.

It is further urged that plaintiff was guilty of contributory negligence and that for this reason the demurrer or instructions for nonsuit should have been given. To prevent any misapprehension, we note here that exception was duly saved to the refusal of the court to give these instructions of nonsuit at the close of plaintiff's case and again at the close of the whole case. Here again we are met with the fact that the question of the contributory negligence of plaintiff was fully and accurately submitted to the jury in one of the instructions given. On the evidence in this case that was a question for the jury. The trial court on that evidence could not have found and declared, as a matter of law, that there was contributory negligence. The cases in which that has been done by the appellate courts are rare. On the evidence here before us we most certainly cannot do so.

The result is that we find no reversible error in the case, as that case is before us. The judgment of the circuit court is affirmed. *Nortoni* and *Allen, JJ.,* concur.